IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERLAINE GIBSON,

    Petitioner,

vs.    :    CIVIL ACTION NO.: CV210-038

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terlaine Gibson ("Gibson") who is currently incarcerated at the Federal Prison Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Gibson's petition should be **DENIED**.

## STATEMENT OF THE CASE

On October 28, 2002, Gibson was arrested by local authorities in Florida. (Doc. No. 6-4, p. 2). On October 31, 2002, the United States Marshals Service ("USMS") took Gibson into Federal custody, via a federal writ, from the State of Florida. (Id. at pp. 14-15). On March 13, 2003, Gibson was sentenced to 120 months' imprisonment in federal court. (Id. at pp. 17-18). The federal court did not make any ruling regarding the relationship of that prison term with any other sentence. (Id.). On March 30, 2003, the USMS returned Gibson to the State of Florida. (Id. at pp. 14). On May 30, 2003, Gibson was sentenced by the state court to serve a term of one year and one day for his state drug crimes. (Id. at p. 23). According to Gibson, the state court specifically

AO 72A
(Rev. 8/82)

ordered that the term be served concurrent to the federal sentence he had already received. (Doc. No. 1, p. 3). Gibson remained in state custody and served the state sentence in a state facility until his release on February 21, 2004. The Florida Department of Corrections released Gibson to the street, rather than to the USMS, because a federal detainer was not lodged with the state, apparently due to an oversight. (Doc. No. 6-4, p. 3). On August 9, 2004, Gibson surrendered himself to the USMS for service of his federal sentence. (Id. at pp26-27). After Gibson requested a *nunc pro tunc* designation of the state facility for service of his federal time, the Federal Bureau of Prisons ("BOP") contacted the federal sentencing court on October 10, 2008, for advice on the court's position on a retroactive concurrent sentence designation. (Id. at 57-58). The district court declined to make a recommendation. (Id. at 60-63).

In the instant petition, Gibson claims that he should receive credit for the time he spent serving a state sentence on related charges because the state court ordered that the sentence run concurrent to his federal time. (Doc. No. 1, p. 1).

Respondent asserts the federal government is not bound by a state court's order that state and federal sentences run concurrent and Gibson is not entitled to jail credit because the relevant time was credited to the state sentence. (Doc. No. 6).

## DISCUSSION AND CITATION TO AUTHORITY

Gibson contends that he is entitled to credit against his federal sentence for time spent serving his state sentence "as per the state judge's intent." A federal court is authorized to impose a federal sentence consecutive to a state sentence even if the state court "explicitly made its sentence concurrent with the federal sentence." Finch v. Vaughn, 67 F.3d 909, 915 (11th Cir. 1995); Taylor v. Sawyer, 284 F.3d 1143 (9th Cir.

2002) ("[C]oncurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody."); Barden v. Keohane, 921 F.2d 476, 478 n.4 (3rd Cir. 1990) ("We recognize that neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently."); Heath v. United States Parole Comm'n, 788 F.2d 85, 91 (2nd Cir. 1986) ("[T]he Commission was entitled to order that Heath's unexpired federal term run consecutively to his state sentence despite any intent on the part of the state court that Heath's state and federal sentences run concurrently. The Commission is not obligated to follow the recommendations of the sentencing court.").

There is no evidence in the record that the state court specifically ordered that Gibson's state sentence run concurrent with his federal sentence. Even if this evidence existed, the federal government would not be bound by the state court's order. Gibson is not entitled to credit against his federal sentence for his time served in state prison.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Gibson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE